NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY YATES,<br><br>    Defendant. | Crim. No.: 18-558 (KSH)<br><br>OPINION |

### I. Background

On September 17, 2018, defendant Timothy Yates pleaded guilty to a one-count information charging him with distributing and attempting to distribute child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). (D.E. 16, 18-20.) He is currently serving a 97-month sentence at FCI Fort Dix and is expected to be released on March 21, 2024, subject to 10 years of supervised release with special conditions.[1] (D.E. 24, 25.) *See* Federal Bureau of Prisons, *Find an inmate*, BOP Register No. 71492-050, https://www.bop.gov/inmateloc/ (last visited Aug. 31, 2023).

Yates has moved (D.E. 28) for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and seeks a reduction in sentence to time served based on the COVID-19 pandemic, his asthma, and the failure of the BOP to meet his rehabilitative needs. The government has opposed (D.E. 33) on grounds that Yates is a danger to the

---

[1] As will become clear, at the time the instant motion was briefed, Yates's anticipated release date was March 21, 2025. (*See* D.E. 28-3, Def. Ex. B.) The Court ordered supplemental briefing "to address the updated release date" (D.E. 37), which the parties timely filed. (D.E. 38, 39.)

1

community and has failed to present "extraordinary and compelling reasons" justifying his release. For the reasons set forth below, Yates's motion will be denied.

## II. Discussion

"Once a term of imprisonment has been imposed, the Court may modify it only under very limited circumstances." *United States v. Allen*, 2023 WL 314351, at *1 (D.N.J. Jan. 19, 2023) (McNulty, J.) (citing *In re Morris*, 345 F. App'x 796, 797 (3d Cir. 2009)). Yates invokes 18 U.S.C. § 3582(c)(1) as the basis for a sentence reduction, which provides in pertinent part as follows:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Here, Yates petitioned the warden at FCI Fort Dix for compassionate release in November 2020 but did not receive a response. (D.E. 28-5, Def. Ex. D; D.E. 28-1, Mov. Br. at 6; D.E. 33, Opp. Br. at 6, n. 3.) Because more than 30 days have elapsed, the Court may reach the merits of Yates's application.

Substantively, the United States Sentencing Commission's policy statement permits a court to reduce a term of imprisonment under § 3582(c)(1)(A) where: (i) extraordinary and compelling reasons warrant the reduction; (ii) the defendant is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g); and (iii) release would comport with the § 3553(a) factors. U.S. Sent'g Guidelines Manual ("USSG") § 1B1.13 (U.S. Sent'g Comm'n 2018). Because the phrase "extraordinary and compelling" is not defined by statute, the Court looks to the Sentencing Commission's policy statement for guidance. *See United States v. Johnson*, 2022 WL 3152656, at *1 (D.N.J. Aug. 8, 2022) (Martinotti, J.).[2] The application notes to the policy statement provide that a defendant's medical condition, age, or family circumstances may, under certain circumstances, serve as "extraordinary and compelling" reasons for compassionate release. USSG § 1B1.13, Application Note 1(A)-(C). The application notes also include a catchall provision, which states that "other reasons" may be sufficient where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated subdivisions]." USSG § 1B1.13, Application Note 1(D).

Yates raises two discrete "extraordinary and compelling" circumstances which, he claims, justify his release: (i) the COVID-19 pandemic, coupled with his history of

---

[2] Courts considering prisoner-initiated motions for compassionate release are not bound by the Sentencing Commission's policy statement. However, the statement serves as "a relevant and valuable guide" when analyzing the meaning of "extraordinary and compelling." *Allen*, 2023 WL 314351, at *2-3; *see United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

asthma; and (ii) the lack of rehabilitative treatment at FCI Fort Dix. (Mov. Br. at 2-6, 7-14; D.E. 38, Supp. Mov. Br. at 1-3.)

As to the first argument, it is well settled that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Cherisme*, 2023 WL 143845, at *3 (D.N.J. Jan. 9, 2023) (Chesler, J.) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *accord United States v. Reddick*, 2022 WL 16922093, at *2 (D.N.J. Nov. 14, 2022) (Kugler, J.) (the "mere 'existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner.'" (quoting *United States v. Roeder*, 807 Fed. App'x 157, 161 n. 16 (3d Cir. 2020))). As such, courts have required defendants seeking compassionate release to demonstrate that "(1) they are particularly vulnerable to developing severe illness from COVID-19 due to age or a medical condition(s); and (2) there is 'an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held.'" *United States v. Hernandez,* 2022 WL 17820248, at *2 (D.N.J. Dec. 19, 2022) (Kugler, J.) (quoting *United States v. Somerville*, 463 F. Supp. 3d 585, 597-98 (W.D. Pa. 2020)).

Yates suffers from asthma which, if moderate to severe, is recognized by the CDC as a condition that may place a person at increased risk of serious illness from COVID-19. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

4

medical-conditions.html (last updated May 11, 2023) (last visited Aug. 31, 2023).[3] However, having a listed condition does not automatically entitle a defendant to compassionate release; rather, the policy statement clarifies that a qualifying medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." USSG § 1B1.13, Application Note 1(A)(ii). *See United States v. Venable*, 2022 WL 4010854, at *3 (D.N.J. Sept. 1, 2022) (Hillman, J.) (citing cases denying compassionate release to defendants suffering from asthma). That does not appear to be the case here. Yates's BOP medical records confirm that his asthma is well controlled. He is prescribed two inhalers to prevent and treat his asthma symptoms, and his condition is actively monitored by medical staff. (*See* D.E. 33-1 at 2-3, 5-8, 24, 27; *see also* D.E. 39-1 at 4-5, 15, 30, 33.)

Yates contracted COVID-19 in December 2020, and has suffered other respiratory illnesses. His medical records indicate that his conditions were closely monitored and treated, and that he recovered without incident. (D.E. 33-1 at 2-24; D.E. 39-1 at 1-2, 12.) Although Yates has reported more frequent use of his inhaler since contracting COVID-19, that symptom appears to be a consequence of Yates's noncompliance with his prescription regimen. (*See* D.E. 33-1 at 2 (reporting increased use of inhaler but noting that "Patient . . . does not use the Mometasone that has been prescribed to him for past several years").) The Court is satisfied that

---

[3] Although Yates's medical records do not explicitly characterize his condition as "moderate" or "severe," the Court presumes for purposes of this motion that his asthma falls within the CDC definition.

Yates's health is "capable of being controlled by careful attention to the medication and [] prescriptions" ordered by his BOP physicians should he choose to follow their instructions. *United States v. Zaffa,* 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (Hillman, J.) (denying compassionate relief motion filed by defendant with chronic asthma); *see United States v. Caro*, 2023 WL 3092049, at *3 (D.N.J. Apr. 26, 2023) (McNulty, J.) (denying motion for compassionate release where defendant was "inconsistent" in use of prescribed inhaler to treat asthma).

Yates expresses concern about the prospect of COVID-19 reinfection. His attorney represents that Yates may have contracted COVID-19 on four separate occasions (though his medical records only reference one positive test in December 2020) and that Fort Dix "has allegedly stopped testing much of the inmate population." (Def. Supp. Br. at 2.) Assuming *arguendo* that Yates has contracted the virus on several occasions, his medical records do not reflect any severe side effects incapable of treatment by BOP medical personnel. (D.E. 33-1 at 5-9, 13; D.E. 39-1 at 1-2.) Moreover, Yates is fully vaccinated against the virus. (D.E. 33-1 at 26.) *See Hernandez*, 2022 WL 17820248, at *3 (fully-vaccinated defendant was "substantially protected from COVID-19 infection and, in the case of another breakthrough infection, from severe symptoms"); *accord United States v. Estevez-Ulloa*, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) ("Given vaccine availability, a prisoner likely will not be able to prove that his personal risk of serious illness from COVID-19 is an extraordinary and compelling reason for release unless he can convincingly show that

. . . he 'remain[s] vulnerable to severe infection, notwithstanding the vaccine.'" (quoting *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)).

Finally, Yates has failed to show that he faces an actual, non-speculative risk of exposure at FCI Fort Dix. According to the BOP's website, 2,484 of Fort Dix's 3,781 inmates are fully vaccinated against the virus. *See United States v. Lorenzo*, 2023 WL 1818370, at *2 (D.N.J. Feb. 7, 2023) (McNulty, J.) ("The risk of further infections is greatly reduced by widespread vaccination.") And the institution is currently reporting only one open case among inmates. *See* BOP, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Aug. 31, 2023).[4] As such, Yates has not persuaded the Court that his medical condition and the circumstances surrounding his confinement are sufficiently "extraordinary and compelling" to justify compassionate release.

Yates next argues that he should be released because FCI-Fort Dix is unable to sufficiently address his rehabilitative needs. When Yates filed his compassionate release motion, the BOP had suspended many of its rehabilitative programs and ancillary services to mitigate against the transmission and spread of COVID-19. Programming has resumed, and Yates has availed himself of Fort Dix's Residential Drug Abuse Program, which has accelerated his release date by one year. (*See* Def.

---

[4] The Court also observes that FCI Fort Dix is currently reporting Level 1 Operations, which reflects minimal modifications to normal operations based on the facility's COVID-19 inmate isolation rate and the COVID-19 community risk. BOP, *FCI Fort Dix*, https://www.bop.gov/locations/institutions/ftd/ (last visited Aug. 31, 2023); BOP, *COVID-19 Modified Operations Plan & Matrix*, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Aug. 31, 2023).

7

Supp. Br. at 2.) *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve.").

During sentencing, the Court "recommend[ed] strongly" that the BOP place him in an institution that offers the Sex Offender Management Program ("SOMP"), which is not available at Fort Dix. (*See* D.E. 26, 1/14/19 Tr. at 46:22-25.) That strong recommendation does not have the force of an order; by statute, the district court does not have the authority to tell the BOP where to place persons in its custody. *See* 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment . . . is not reviewable by any court.").

Even if the Court possessed inherent authority to direct treatment, Yates's rehabilitative opportunities must be balanced against the applicable 18 U.S.C. § 3553(a) sentencing factors and potential danger to the community under 18 U.S.C. § 3142(g). *See* USSG § 1B1.13; *see also United States v. Williams*, 2021 WL 37536, at *7 (D.N.J. Jan. 4, 2021) (McNulty, J.) (assuming initial "extraordinary and compelling" inquiry is satisfied, court is "required to look further and specifically consider whether the Section 3553(a) factors favor release, and whether [defendant] would pose a danger to society if released").

The § 3553 sentencing factors require that a court consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed –

8

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1)-(2).[5]

Yates pled guilty to distributing and attempting to distribute child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). He possessed over 2,700 images and 317 videos of children engaging in graphic sex acts, which he downloaded and shared with others. (1/14/19 Tr. at 26:21-27:4.) Additionally, Yates used his talents as a professional comic book artist to draw comic book "stories" graphically depicting acts of child sexual abuse, and created a cartoon character based on an actual 10-year-old girl. (*Id.* at 29:15-23.) To better depict her in his drawings and feed his fantasies about this child, Yates used social media to contact her parents so that he could download photos of her. (*Id.* at 30:2-9.) The element of danger to the public, addressed in 18 U.S.C. § 3553(a)(2)(C), and the retributive

---

[5] The dangerousness inquiry under 18 U.S.C. § 3142(g), which typically applies in the pre-trial detention context, is similar to the inquiry required under § 3553(a). *See* 18 U.S.C. § 3142(g) (requiring an analysis of (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release).

9

purposes of a prison sentence, militate against early release of this defendant into the community.

## III.　Conclusion

For the foregoing reasons, Yates's motion for compassionate release (D.E. 28) is denied.  An appropriate order will issue.


Date:  August 31, 2023　　　　　　　　　　　/s/ Katharine S. Hayden
　　　　　　　　　　　　　　　　　　　　　　　Katharine S. Hayden, U.S.D.J.

10